IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| MICHAEL STRAND,<br><br>  Plaintiff,<br><br>vs.<br><br>WEST BOUNTIFUL CITY, *et al.*,<br><br>  Defendants, | **ORDER and<br>MEMORANDUM DECISION**<br><br><br><br>Case No. 1:08-cv-112-CW |

  Now before the court is a motion for summary judgment by Defendants West Bountiful City and Cory Hamilton on the claims against them by Plaintiff Michael Strand. Mr. Strand's claims arise from an arrest and subsequent events during which Mr. Strand asserts Detective Hamilton used excessive force against him. Mr. Strand brought claims under 28 U.S.C. § 1983 and a state law claim of intentional infliction of emotional distress claim against both Detective Hamilton and West Bountiful. A hearing was held on this matter was held on February 22, 2011. For the reasons set forth on the record of that hearing, and for the reasons below, the court GRANTS the motion as to the claims against West Bountiful, but DENIES in part and GRANTS in part the motion with respect to Detective Hamilton.

**ANALYSIS**

A motion for summary judgment shall be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). Although "[t]he movant has the burden of showing that there is no genuine issue of fact" in moving for summary judgment, "the plaintiff is not thereby relieved of his own burden of producing . . . evidence that would support a jury verdict." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). Likewise, the court does not weigh the evidence, but should "determine whether there is a genuine issue for trial." *Id*. at 249.

**I.      State Law Claim Against Both Defendants**

With respect to Mr. Strand's state law intentional infliction of emotional distress claim, West Bountiful and Detective Hamilton argue that this claim is precluded by the Utah Governmental Immunity Act, Utah Code § 63G-7-201. In relevant part, this statute states that with some exceptions, "each employee of a governmental entity [is] immune from suit for any injury that results from the exercise of a governmental function." Defendants contend that there are no facts on the record that would support a finding that any of the Act's relevant exceptions would apply to these Defendants. Mr. Strand does not respond to this argument, signaling that he has abandoned this claim. Accordingly, judgment on Mr. Strand's state law claim is appropriate in favor of West Bountiful and Detective Hamilton.

**II.     Section 1983 Claim Against West Bountiful City**

The relevant standard in analyzing Mr. Strand's claim against West Bountiful City is that

"[a] plaintiff suing a municipality under Section 1983 for the acts of one of its employees must prove: (1) that a municipal employee committed a constitutional violation, and (2) that a municipal policy or custom was the moving force behind the constitutional deprivation." *Myers v. Oklahoma County Bd. of County Com'rs*, 151 F.3d 1313, 1316 (10th Cir. 1998) (citing *Monell v. Department of Social Servs.*, 436 U.S. 658, 694 (1978)). In this case, even assuming that Mr. Strand has proven the first prong of this test, he has not pointed to any facts in the record that would reasonably support a conclusion that any West Bountiful policy or custom was a moving force in the violation. Accordingly, West Bountiful is entitled to summary judgment in its favor on Mr. Strand's Section 1983 claim against it.

### III. Section 1983 Claims Against Detective Hamilton

Detective Hamilton asserts that she is entitled to qualified immunity on Mr. Strand's Section 1983 claim against her. While Mr. Strand's complaint only generally alleges a due process violation, in his briefing Mr. Strand has clarified other constitutional violations he believes are supported by the facts of the case. Specifically, he asserts that Detective Hamilton arrested him without probable cause, that she used excessive force against him, and that she was indifferent to his medical needs.

The Supreme Court has stated that "[t]he doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 129 S. Ct. 808, 815 (2009). The Tenth Circuit has further explained that qualified immunity protects "all but the plainly incompetent or those who

knowingly violate the law." *Gross v. Pirtle*, 245 F.3d 1151, 1155 (10th Cir. 2001). Once a defendant raises the qualified immunity defense, a court must decide (1) "whether the facts that a plaintiff has alleged or shown make out a violation of a constitutional right;" and (2) "whether the right at issue was clearly established at the time of the defendant's alleged misconduct." *Herrera v. City of Albuquerque*, 589 F.3d 1064, 1070 (10th Cir. 2009) (citations omitted).

Detective Hamilton does not dispute that the right to be free from arrest without probable cause, the right to be free from excessive force, and the right to appropriate medical attention when in custody were all well established at the time of the relevant events. Rather, she asserts that the record does not reasonably support a finding that she violated any of those rights as to Mr. Strand. For the reasons discussed below, Detective Hamilton does not prevail on this argument.

In Mr. Strand's opposition to the motion, he cites various facts that he contends support his alleged violations.[1] On review of those facts, the court agrees with Mr. Strand. For example, Mr. Strand has proffered facts that support a reasonable inference that Detective Hamilton unnecessarily threw him to the ground on several occasions after arresting him. Moreover, the facts support an inference that Detective Hamilton took actions that could have worsened medical conditions suffered by Mr. Strand that she knew about, such as (at least temporarily) denying him his heart pills. Finally, the sections of the record that Mr. Strand specifically cited to the court reasonably support an inference that Detective Hamilton's investigation was

---

[1] Defendants move to strike certain affidavits as "sham" affidavits. The court does not agree that these affidavits meet the definition of "sham" affidavits. That motion is thus denied.

insufficient to give rise to probable cause to arrest Mr. Strand.[2]

For all these reasons, judgment in Detective Hamilton's favor on Mr. Strand's Section 1983 claim is unwarranted.

## **CONCLUSION**

For the reasons stated above, the court ORDERS as follows:

Defendants' motion for summary judgment (Dkt. No. 44) is GRANTED in part and DENIED in part as follows:

    Judgment is GRANTED to West Bountiful on both claims;

    Judgment is GRANTED to Detective Hamilton on the state law tort claim but DENIED to Detective Hamilton on the Section 1983 claim;

Defendants' motion to strike (Dkt. No. 53) is DENIED;

Defendants' motion to file supplemental briefing (Dkt. No. 61) is DENIED as moot.

SO ORDERED this 8th day of April, 2011.

                      BY THE COURT:

                      _____
                      Clark Waddoups
                      United States District Judge

---

[2] At oral argument the court indicated its inclination to find probable cause for the arrest. Upon review of the evidence cited by Detective Hamilton in her memorandum in support of summary judgment, the court has concluded that the evidence does not support a finding at this stage that, as a matter of law, there was probable cause. Detective Hamilton's factual assertions about the investigation at the hearing, if supported by the evidence at trial, may give rise to probable cause.